# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA SNODDY-SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>610-614 VENICE WAY HOMEOWNERS' ASSOCIATION; CONDOMINIUM ADMINISTRATION COMPANY, INC; PAULETTE CLAGON; MICHELLE KING; PHILLIP HERNANDEZ; BARBARA FISHER-FREEMAN; and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No. 2:14-CV-00139-CBM(RZx)<br><br>**ORDER RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction. (Docket No. 5.) The Court denies Plaintiff's Motion.

## I. JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This is a dispute over a parking spot in a condominium development. Plaintiff is the owner of a condominium located in a condominium development (the "Development"), where she has lived since 2002. (Feb. 16, 2014 Declaration of Rhonda Snoddy-Smith ("Snoddy-Smith Decl.") ¶¶ 1, 2.) (Compl. ¶ 12 (Docket No. 1).) Defendants include the following:

- 610-614 Venice Way Homeowner's Association (the "HOA"), which is the homeowner's association for the Development. (Compl. ¶ 5.)
- Condominium Administration Company ("CAC"), the property management for the Development. (*Id.* at ¶ 6.)
- Paulette Clagon, the President of Defendant HOA. (*Id.* at ¶ 7.)
- Michelle King, the Vice President of Defendant HOA. (*Id.* at ¶ 8.)
- Phillip Hernandez, an employee of Defendant CAC. (*Id.* at ¶ 9.)
- Barbara Fisher-Freeman, the President of Defendant CAC. (*Id.* at ¶ 10.)

Plaintiff has multiple physical ailments, including end-stage renal disease, chronic renal failure, nephrosclerosis, hypertension, chronic anemia, and osteoarthritis. (Snoddy-Smith Decl., ¶ 8.) Plaintiff declares, "I have limited mobility . . . I walk with a cane, and I require steroid injections in my knees among other health care restrictions." (*Id.*)

Plaintiff has requested that Defendants HOA and CAC provide her with a designated parking space in addition to the two spots that Plaintiff already owns in the Development's parking garage. (*See id.* at ¶¶ 12, 15.) Defendants have not provided the requested accommodation. (*See id.* at ¶¶ 12, 15, 23.)

Plaintiff filed the instant suit on January 7, 2014, alleging seven causes of action:

   1. Disability discrimination under the federal Fair Housing Act, 42

U.S.C. § 3604 (the "FHA").

2. Disability discrimination under the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq.

3. Medical discrimination in violation of the California Unruh Act, Cal. Civil Code § 51 et seq.

4. Unfair business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

5. Breach of the implied covenant of good faith and fair dealing contained in the agreements between Plaintiff and Defendants.

6. Lack of fair, reasonable, and expeditious decision making in violation of California Civil Code § 1378.

7. Negligence.

Plaintiff filed the instant Motion for Preliminary Injunction on February 24, 2014 (the "Motion"). Defendants timely opposed. (Docket No. 6.) Plaintiff did not file a Reply. Defendants also filed numerous documents after the present Motion was deemed submitted. (Docket Nos. 15, 16, 17, 18.) The Court did not consider these late documents because they were filed in violation of the Local Rules. C.D. Cal. R. 7-9, 7-12.

### III. STANDARD OF LAW

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 676, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (quotation marks and citation omitted). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A plaintiff seeking a preliminary injunction must show "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

favor, and (4) that an injunction is in the public interest." *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*).

## IV. DISCUSSION

Plaintiff requests that the Court order Defendants to "accommodate Plaintiff as an individual with a disability . . . by providing her with a designated accessible parking spot [closest] and most accessible to her unit for Plaintiff's exclusive use." (Proposed Order at 2.) Plaintiff also requests that the Court's injunction forbid Defendants from taking retaliatory action against Plaintiff, including preventing Plaintiff from engaging in HOA activities and refusing Plaintiff's current or future requests or correspondence. (*Id.*)

### A. Likelihood of Success on the Merits

Plaintiff argues that she is likely to succeed on her FHA claim.[1] Under the FHA, it is unlawful

> [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
>
> (A) that buyer or renter,
>
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> (C) any person associated with that buyer or renter.

42 U.S.C. § 3604(f)(1). The FHA's prohibition on disability discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §

---

[1] Plaintiff does not assert in the present Motion that she is likely to succeed on any other causes of action.

4

3604(f)(3)(B).

To make out a claim for disability discrimination under the FHA, a plaintiff must show

> (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation.

*Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citation omitted).

### 1. Whether Plaintiff Is Disabled

Defendants do not dispute that Plaintiff is disabled within the meaning of 42 USC § 3602(h).

### 2. Whether Defendants Knew Or Reasonably Should Have Known Of The Plaintiff's Handicap

Defendants do not dispute that Plaintiff notified Defendant HOA of her disability in writing in October 2012, May 2013, and June 2013. (Snoddy-Smith Decl. ¶ 17.) Plaintiff also notified Defendants with oral reminders. (*Id.*)

### 3. Whether The Requested Accommodation "May Be Necessary" To Afford Plaintiff An Equal Opportunity To Use And Enjoy The Dwelling and Whether Defendants' Have Refused to Provide the Requested Reasonable Accommodation

Pursuant to 42 U.S.C. § 3604, the Court can require landlords to make reasonable accommodations by providing handicapped parking spaces for disabled tenants. *See United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1381 (9th Cir. 1997). The rationale in cases that address this issue is that "the handicapped person faces injury or pain by having to travel long distances from the house to the car. . . . [W]ithout a parking space close to the apartment, the

5

handicapped individual's use and enjoyment of the dwelling is diminished." *Id.; see also So. Cal. Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1067 (C.D. Cal. 2005) (citing *Cal. Mobile Home*); 24 C.F.R. § 100.204.

Plaintiff's unit is on the second floor of the Development, which is made up of multiple buildings. (Snoddy-Smith Decl. ¶ 5.) Plaintiff has two assigned parking spots in the Development's common parking garage, which is located below the first floor of the Development—*i.e.*, Plaintiff must use two flights of stairs to travel between her unit and her assigned parking spots. (*See id.* at ¶¶ 5, 6, Exh. A.)

Plaintiff and Defendants have provided no evidence as to whether the Development has an elevator. However, the Development has an outdoor visitor parking area that is directly adjacent to Plaintiff's building. (*Id.* at ¶ 5.) Plaintiff has asked Defendants on numerous occasions to provide her an accommodation for her disability. Specifically, she has requested that Defendants designate a particular parking spot in the visitor's parking area as belonging exclusively and permanently to Plaintiff, in addition to the two spots Plaintiff already owns. (*See id.* at ¶¶ 7, 12, 15, Proposed Order.)

Plaintiff argues that this accommodation is necessary for her to have full enjoyment of her home. (Motion at 8:10-17.) Plaintiff claims that the requested spot would be more convenient for her, and that Defendants' refusal to provide her the requested spot means that Plaintiff must go up and down an extra flight of stairs, which causes her pain and diminishes her use and enjoyment of her condominium. (Snoddy-Smith Decl. ¶¶ 6, 7, 11; Motion at 6:20-27.)

However, Defendant Clagon declares that Plaintiff's requested spot is actually just as close to Plaintiff's unit as one of the spots Plaintiff already owns in the parking garage. (Mar. 4, 2014 Declaration of Paulette Clagon ("Clagon Decl.") ¶¶ 15-18 (Plaintiff's "Assigned parking and [her requested parking spot]

6

are essentially equal distances away from Plaintiff's Unit.").) Plaintiff owns two spots in the garage: one that is just as close to Plaintiff's unit as the spot that Plaintiff requests in the visitor parking area, and a second spot on the other side of the garage that is farther away from Plaintiff's unit than the spot that Plaintiff requests. (*See id.* at ¶¶ 11, 17, 18.) Plaintiff rents out the spot in the garage that is closest to her unit to another resident of the Development, and Plaintiff chooses to park her own car in her second spot, which is farther away and on the other side of the garage. (*Id.* at ¶ 11.) Plaintiff does not offer any argument or evidence that disputes Defendant Clagon's statements.

For the purposes of the instant Motion, the Court finds that Plaintiff already owns a parking spot in the garage that is just as close to her unit as the parking spot that Plaintiff requests in the visitor parking area. The only apparent reason Plaintiff does not use the spot in the garage that is close to her unit is that she rents the spot out to another resident of the Development. Therefore, Plaintiff's request for a third parking spot exclusively reserved for her is not reasonable or necessary. Furthermore, the evidence—including photographs—shows that using the parking garage and using the visitor parking area both require Plaintiff to use two flights of stairs. (*Id.* at ¶¶ 15, 16; Snoddy-Smith Decl., Exh. A.) This contradicts Plaintiff's assertion that Defendants' refusal to provide her requested accommodation requires her to go up and down an extra flight of stairs. (Snoddy-Smith Decl. ¶ 11.)

//
//
//
//
//
//
//

7

In sum, Plaintiff has not shown she is likely to succeed on the merits and therefore a preliminary injunction is not appropriate in this case.

## V. CONCLUSION

Plaintiff's Motion for Preliminary Injunction is denied.

**IT IS SO ORDERED.**

DATED: June 2, 2014

_____
Honorable Consuelo B. Marshall
United States District Judge